NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> QUAWEE JONES, *et al.*, <br><br> Defendants. | Criminal Action No.: 16-181 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

Pending before the Court is a motion filed by Defendant Rashard Johnson to sever his trial from that of his codefendants in the above-captioned matter. (ECF No. 234, "Def.'s Br."). The Government has opposed Defendant Johnson's motion. (ECF No. 236, "Op. Br."). For the reasons stated herein, Defendant Johnson's motion to sever his trial from that of his codefendants is denied.

## I.     Background

On June 28, 2016, a federal grand jury returned a Superseding Indictment which alleges that, along with several other individuals, Defendant Johnson "did knowingly and intentionally conspire and agree with each other and others to distribute and to possess with intent to distribute one kilogram or more of a mixture or substance containing heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)." (ECF No. 128 at 2). To date, all codefendants, with the exception of Defendants Johnson, Jones, and Cureton, have pleaded guilty.

On September 27, 2016, the Court entered a continuance order, pursuant to 18 U.S.C. § 3161, which excluded the time between that date and March 15, 2017 for purposes of the Speedy Trial Act. (ECF No. 169). Although Defendant Johnson consented to that continuance order, he has refused to consent to the entry of any further continuances. Since March 15, 2017, this Court has entered several continuance orders to which Defendant Johnson has refused to consent. (Def.'s Br. at 2-3).

Defendant Johnson now moves to sever his trial from that of his codefendants pursuant to Federal Rule of Criminal Procedure 14 on the grounds that continued joinder of his trial with those of his codefendants will violate his Speedy Trial Rights.

## II. Legal Standard

Federal courts prefer joint trials for defendants who are indicted together. *See United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005). To be sure, "'[j]oint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Id.* (quoting *Zafiro v. United States,* 506 U.S. 534, 537 (1993)). The preference for joint trials is especially strong where defendants are charged in the same conspiracy. *See, e.g., United States v. DePeri*, 778 F.2d 963, 984 (3d Cir. 1985); *United States v. Voigt*, 89 F.3d 1050, 1094 (3d Cir. 1996). Such joint trials protect the Government's case from premature disclosure and also "aid the finder of fact in determining the 'full extent of the conspiracy.'" *Voigt*, 89 F.3d at 1094 (quoting *United States v. Provenzano,* 688 F.2d 194, 299 (3d Cir. 1982), abrogated on other grounds, *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 371-73 (3d Cir. 2010)). Furthermore, as "acts committed by one [co-conspirator] in furtherance of the conspiracy [would be] admissible against the other" co-conspirator in a separate trial, severance is rarely required. *United States v. Hart,* 273 F.3d 363, 370 (3d Cir.2001).

Notwithstanding the above, Federal Rule of Criminal Procedure 14(a) provides a vehicle through which codefendants may seek a severance. Specifically, the Rule provides as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

A defendant's motion for severance should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Urban*, 404 F.3d at 775. To that end, "[d]efendants seeking to sever bear a heavy burden . . . and must demonstrate . . . that the denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial." *Id.* (internal citations and quotations omitted). "The choice of whether to sever defendants' trials rests in the sound discretion of the district courts." *United States v. Lore*, 430 F.3d 190, 204-05 (3d Cir. 2005).

### III. Discussion

Defendant Johnson urges this Court to sever his trial from that of his codefendants, arguing that "a joint trial will prejudice [him] and compromise his constitutional right to a speedy trial." (Def.'s Br. at 4). Specifically, Defendant Johnson cites to the Speedy Trial Act, which provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, which date lasts occurs." 18 U.S.C. § 3161(c)(1).

3

Defendant Johnson states that "the Speedy Trial Act contemplates a Defendant moving to sever his trial from the others." (Def.'s Br. at 4). In support of this proposition, Defendant cites to the Act itself, which provides for an exclusion for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

In response, the Government contends that "neither the Speedy Trial Act nor the Federal Rules of Criminal Procedure create a specific right to sever a defendant *because* of a defendant's right to a speedy trial." (Op. Br. at 5). Moreover, citing to the Third Circuit's discussion of the legislative history of the above-quoted provision of the Speedy Trial Act, the Government notes that this provision in fact "illustrates a strong congressional preference for joint trials and an intention that delays resulting from the joinder of codefendants be liberally construed." (Id.) (quoting *United States v. Novak*, 715 F.2d 810, 815 (3d Cir. 1987), *abrogated on other grounds*, *United States v. Felton*, 811 F.3d 190, 194 (3d Cir. 1987)).

Having reviewed the Third Circuit's discussion of Congress's intent in including an exclusion of time under the Speedy Trial Act for continuances granted to codefendants, *see Novak*, 715 F.2d at 814-815, the Court agrees with the Government that the Act does not, given the particular facts of this case, provide an independent basis to grant Defendant Johnson's severance motion. The Act provides for an exclusion to apply to "a *reasonable period of delay* when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Here, Defendant Johnson has not convinced the Court that any delay caused by the entry of continuance order as against his codefendants is unreasonable. Moreover, as the Government points out, because Defendant

4

Johnson "is currently subject to two federal prison sentences totaling 64 months, his incarceration pending trial on September 11, 2017" is not prejudicial. (Op. Br. at 6).

Defendant Johnson also argues that "[t]he evidence to be presented against [him] in a trial consists primarily (if not exclusively) of a video depicting a controlled purchase of CDS. A trial against Mr. Johnson could be completed in a matter of days." (Def.'s Br. at 4-5). As such, according to Defendant Johnson, if his trial is not severed from that of his codefendants, in addition to his Speedy Trial rights being violated, "his trial will consist primarily of evidence against other, unrelated codefendants." (Id. at 5).

As the Government argues, however, the fact that evidence pertaining to Defendant Johnson's codefendants will be introduced against him at trial does not militate in favor of severance. Specifically, the Government notes that because of the nature of the charges filed against the codefendants—namely, conspiracy—"acts committed by one [co-conspirator] in furtherance of the conspiracy [would be] admissible against the other" co-conspirator in a separate trial. (Id. at 4). Therefore, from the Government's perspective, "[g]ranting a severance will . . . require two trials with two different juries with effectively the same evidence." (Id.). The Court agrees with the Government that severing Defendant Johnson's trial from that of his codefendants would amount to a waste of judicial resources. *See, e.g., United States v. DePeri*, 778 F.2d 963, 984 (3d Cir. 1985) ("[P]ublic resources . . . would be lost if the same evidence were presented at separate trials . . . ."). Additionally, the Court credits the Government's argument that trying one codefendant prior to the trial of the remaining codefendants would prejudice the Government in that it would result in premature disclosure of the Government's case. *See Voigt*, 89 F.3d at 1094.

For these reasons, the Court finds that Defendant Johnson has not shouldered the heavy burden of establishing that his trial should be severed from that of his codefendants. Therefore, Defendant Johnson's motion to sever is denied. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: May 15, 2017

_____
JOSE L. LINARES, U.S.D.J.