NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 16-181-8 (JLL) |
| v. | **OPINION** |
| RASHARD JOHNSON, *et al.*, | |
| Defendants. | |

**LINARES, Chief District Judge**

The defendants Rashard Johnson, Quawee Jones, and Shaahid Cureton are each charged with one count of conspiracy to possess with intent to distribute heroin at an apartment building located at 25 Johnson Avenue in Newark, New Jersey. The entire conspiracy was allegedly carried out by several individuals from January 2013 through November 2015.

The three aforementioned defendants are scheduled to proceed to a trial on November 7, 2017. Presently, Jones, Cureton, and the Government have requested an adjournment of the aforesaid trial date due to certain recent developments in the case, *i.e.*, recent disclosures made by the Government pursuant to Federal Rule of Criminal Procedure 16. In contrast, Johnson objects to a continuance, and moves: (1) to sever his trial from the trial of his co-defendants pursuant to Federal Rule of Criminal Procedure 14; and (2) to proceed to trial immediately. (ECF No. 281.) The Government opposes Johnson's motion. (ECF No. 283.)

The Court presumes that the parties are familiar with the factual context and the procedural history of this criminal matter, and will only set forth a brief summary where necessary. *See, e.g.*, 2017 WL 2120061 (D.N.J. May 15, 2017) (this Court's previous opinion and order denying Johnson's earlier motion to sever). Furthermore, the Court will resolve the motion upon a review of the papers and without oral argument. *See* Local Criminal Rule 1.1 (providing that Local Civil Rule 78.1(b) is applicable to criminal cases). For the following reasons, Johnson's motion is denied.

## ARGUMENTS

### I. Johnson's Arguments

Johnson argues that his right to a speedy trial will be compromised if the Court were to grant a further continuance based upon the request by his co-defendants, which in turn was necessitated by the Government's delay in producing discovery. *See* 18 U.S.C. § 3161, *et seq.* (the Speedy Trial Act). Johnson points out that several continuance orders have already been entered at the request of his co-defendants and of the Government, and without his consent.

Furthermore, Johnson argues that a further delay will violate his right under the Sixth Amendment based upon the four factor test set forth in *Barker v. Wingo*, 407 U.S. 514, 530–31 (1972), *i.e.*, (1) the length of the delay before trial; (2) the reason for the delay, and whether the Government is more to blame; (3) the extent to which he has asserted his right to a speedy trial; and (4) the prejudice that he has suffered. As to the first factor, Johnson points to the length of the delay that has occurred up to this point.

He argues that 19 months have elapsed so far, and that any further delay will be prejudicial.

As to the second factor and third factor under *Barker v. Wingo*, Johnson argues that he has repeatedly opposed continuances, with only one delay attributable to him in January 2017 when he sought new counsel, and he has previously sought a severance. In addition, he argues that the Government is to blame for not timely providing discovery under Rule 16.

As to the fourth factor under *Barker v. Wingo*, Johnson points to several instances of prejudice. Johnson contends that a jury will be asked to determine if a person appearing in certain videos who is engaging in drug-dealing activities is indeed Johnson. He argues that as more time elapses, there is a danger that a jury will infer that any differences between the video images and Johnson as he currently appears have been caused by the time that has elapsed, as opposed to the possibility that he has been misidentified.

Johnson also argues under the fourth factor that he is being held in a county facility as he awaits trial, as opposed to a federal facility where he would receive better medical care in relation to his recent spinal surgery. Furthermore, he points to the strain that has been caused with his family and his counsel due to his uncertain future and the delays in going to trial.

In addition, Johnson argues under the fourth factor that he would be prejudiced by a joint trial, because evidence will be introduced concerning his co-defendants that would be inadmissible against him if he were to be tried separately.

On October 3, 2017, the Government produced additional discovery pursuant to Rule 16, such as police reports and photographs of guns seized in October 2015 from an apartment building located at 23 Johnson Avenue. The Government thereafter advised for the first time that at trial it intends to introduce evidence that the members of the heroin distribution conspiracy had access to the aforesaid guns for use in the operation of the conspiracy; that co-defendant Jones bought the guns with money contributed by the other co-conspirators; and that each of the defendants frequently carried at least one gun. Johnson argues that the Government has not indicated that he was specifically connected to those guns.

Johnson finally argues that his case can be easily severed from those of his co-defendants, because his alleged role in the drug distribution conspiracy was limited. He argues that the Government will not need to present the entire case twice, given his alleged limited role. He points out that the Government will introduce evidence concerning at least 20 controlled buys, but that Johnson is not alleged to have been involved in any of them. Johnson also points out that certain evidence concerning the conspiracy was obtained after Johnson was arrested and detained in another federal criminal matter in September 2015, such as wiretap evidence collected in October 2015 and November 2015.

## II.  The Government's Arguments

The Government argues in opposition that if Johnson's trial were severed, then the Government and the Court would be required to deal with the presentation of the same

4

trial twice, because the Government would be required to introduce evidence of the entire conspiracy at each trial in order to show details of that conspiracy, thereby resulting in a waste of resources. In addition, the Government argues that a severance will severely compromise the safety of confidential witnesses, because the identities of those confidential witnesses would be revealed at Johnson's trial several months before they would be scheduled to testify at the trial of Jones and Cureton.

Concerning the *Barker v. Wingo* factors, the Government argues as to the first factor that this matter concerns a complex drug conspiracy, which originally involved charges against several other defendants who have entered pleas of guilty, and thus the amount of time that Johnson has been waiting for trial is not presumptively unreasonable.

As to the second factor and third factor under *Barker v. Wingo*, the Government points out that Johnson himself has caused a fair amount of the delays here. (*See, e.g.*, ECF No. 16 (a continuance agreed to by Johnson in May 2016); ECF No. 216 (a January 2017 hearing concerning Johnson's request for new counsel, which was granted by the Court in February 2017); ECF No. 234 (Johnson's April 2017 motion to sever, which the Court had to address).)

As to the fourth *Barker v. Wingo* factor, the Government argues that any change in Johnson's appearance due to the passage of time from when the Government alleges that his image was captured in the video at issue will work in Johnson's favor, and to the Government's detriment, because a jury may be more likely to believe that the man in the video is not Johnson.

In addition, the Government argues as to the fourth factor that it has already made it clear to Johnson that he can be immediately moved to a federal facility for better medical care, and that the Court has made it clear that it would assist in any way, but that Johnson now refuses that offer pending a decision by the Court concerning a severance of his case and a trial date. The Government also points out that Johnson is currently subject to two federal prison sentences totaling 64 months, and those sentences will not expire soon, and thus his continued incarceration at this juncture is not prejudicial.

The Government also argues as to the fourth factor that it indeed intends to show that Johnson had access to the guns found at 23 Johnson Avenue, and that he carried a gun while distributing heroin.

## ANALYSIS

### I. Legal Standard

Joint criminal trials are preferred for defendants who are indicted together, because such joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005) (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). The preference for a joint trial is especially strong where the co-defendants are charged in the same conspiracy. *See United States v. Voigt*, 89 F.3d 1050, 1094 (3d Cir. 1996); *United States v. De Peri*, 778 F.2d 963, 984 (3d Cir. 1985).

Such joint trials protect the Government's case from premature disclosure, and also "aid the finder of fact in determining the full extent of the conspiracy." *Voigt*, 89

F.3d at 1094 (citation omitted). Furthermore, the acts committed by one co-conspirator in furtherance of the conspiracy would be admissible against the other co-conspirators in a separate trial, and thus a severance is rarely required. *See United States v. Hart*, 273 F.3d 363, 370 (3d Cir. 2001).

It is true that Rule 14(a) permits a co-defendant to seek a severance nonetheless. The Rule provides that:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

However, despite the existence of Rule 14(a), the "choice of whether to sever defendants' trials rests in the sound discretion of the district courts." *United States v. Lore*, 430 F.3d 190, 204–05 (3d Cir. 2005).

## II. The Court Will Not Grant A Severance to Johnson

The Court finds that in light of the complex heroin distribution conspiracy at issue in this case, which at one point concerned charges brought against multiple defendants, and in light of the fact that Jones, Cureton, and the Government seek a continuance, Johnson's right to a speedy trial will not be violated by a continuance at this juncture. *See United States v. Tripp*, No. 11-86, 2012 WL 947238, at *3 (E.D. Pa. Mar. 20, 2012) (denying a defendant's motion for a severance, and holding that the co-defendants' motions for continuances were applicable to the defendant and thus any delay did not violate the defendant's right to a speedy trial).

First, even though Johnson argues that his alleged role in the heroin distribution conspiracy was limited, the fact that he may not have had full knowledge of or control over the entire conspiracy does not make him any less culpable in the conspiracy, and thus does not justify a severance. *See United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999). In addition, the Court can resolve any potential prejudice that may be suffered by Johnson at a joint trial by issuing a limiting instruction to the jury concerning any evidence that does not pertain to his alleged conduct or that does not implicate him. *See Lore*, 430 F.3d at 205 (holding that a defendant is not entitled to severance even if the evidence that is to be introduced against a co-defendant is more damaging); *Hart*, 273 F.3d at 370 (holding that the district court Judge protected a defendant from prejudice by properly instructing the jury to give separate consideration to each charge against each co-conspirator); *Voigt*, 89 F.3d at 1096 (holding that the right of a defendant in a conspiracy case to not be tainted by the evidence directed at the co-defendant can be protected by a limiting instruction that is issued to the jury by the trial Judge).

Second, the Court finds merit in the Government's argument that conducting Johnson's trial before the trial of Jones and Cureton would result in the premature disclosure of the Government's case and, in particular, of the identities of confidential witnesses. *See Voigt*, 89 F.3d at 1094.

Third, it cannot be denied that any prejudice to be suffered by Johnson that is "attributable to any prospective delay is outweighed by the strong public interest in judicial economy of conducting joint trials." *United States v. Slade*, No. 12-367, 2013

WL 4511601, at *8 (E.D. Pa. Aug. 23, 2013) (denying a motion to sever by one co-conspirator based on speedy trial grounds, because the other co-conspirator was seeking a continuance of the trial). The Court finds that despite the delay that Johnson has endured so far, a severance of Johnson's trial would result in a waste of resources. *See United States v. Battis*, 589 F.3d 673, 678 (3d Cir. 2009) (holding that a 14-month delay can be prejudicial, but that longer delays may be tolerated if the charges involve a crime that is complex); *see also United States v. Sodano*, 592 F. App'x 114, 115–16 (3d Cir. 2014) (holding that a 20-month delay in a criminal trial was not prejudicial). Such a waste of resources cannot be countenanced by this Court. *See De Peri*, 778 F.2d at 984 (holding that "public resources . . . would be lost if the same evidence were presented at separate trials"). Simply put, there is a strong preference for a joint trial when the defendants have been charged with engaging in conduct in furtherance of the same conspiracy, thereby giving a jury a full picture of the alleged scheme. *See Voigt*, 89 F.3d at 1094.

Johnson has not demonstrated that a severance of his trial from that of his co-defendants is required. *See United States v. Sandini*, 888 F.2d 300, 305 (3d Cir. 1989) (affirming the district court's exercise of its discretion in denying a defendant's motion for a severance from the trial of the co-defendants in a single narcotics distribution conspiracy, as the district court correctly balanced the potential prejudice to the defendant against the advantages of joinder in terms of judicial economy). The Court notes that the case law from the district courts within the Third Circuit supports the Court's decision here, wherein those courts in narcotics distribution cases have uniformly denied motions

by one co-defendant for a severance based upon speedy trial grounds when the other co-defendants have requested a continuance. *See United States v. Glenn*, No. 10-5, 2010 WL 4537007, at *2 (M.D. Pa. Nov. 3, 2010) (denying a severance motion in a narcotics distribution conspiracy, wherein one defendant would not consent to the continuances consented to by the co-defendants and even argued that his right to a speedy trial was being violated, because all of the defendants were properly joined in one prosecution and should proceed to trial at the same time); *see also United States v. Martinez-Osoria*, No. 15-153, 2016 WL 1320925, at *6 (M.D. Pa. Apr. 5, 2016) (holding the same); *United States v. Hamerling*, No. 15-7010, 2015 WL 4940898, at *5 (D.N.J. Aug. 19, 2015) (holding the same).

## CONCLUSION

For the aforementioned reasons, the Court finds that Rashard Johnson has not demonstrated that his trial should be severed from the trial of his co-defendants. Therefore, Johnson's motion to sever and to proceed to trial immediately is denied. In view of this disposition, the Court will confer with the parties concerning scheduling and a new trial date. An appropriate Order accompanies this Opinion.

_____
JOSE L. LINARES
Chief Judge, United States District Court

Dated: November 6th, 2017